# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND,

        Plaintiff,

v.                                    Case No. 14-CV-1336

JOHN J. GLINSKI, REBECCA ANN PAULSON,
WILLIAM POLLARD, DR. PAUL SUMNICHT,
BELINDA SCHRUBBE, DR. MANLOVE,
AMY SCHRAUFNGED, SANDRA JACKSON,
ANGLIA KROLL, DR. DAVID BURNETT,
DR. SCOTT HOFTIEZER, MARY MUSE,
CHARLES COLE, JESSE JONES,
and DONNA LARSON,

        Defendants.

## DECISION AND ORDER DISMISSING COMPLAINT

The plaintiff, Dwayne Almond ("Almond"), who is incarcerated at Waupun Correctional Institution, has filed a *pro se* complaint alleging violations of 42 U.S.C. § 1983. This matter comes before the court on Mr. Almond's petition for leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act of 1996, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), the court must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Mr. Almond has accumulated three "strikes," as follows: (1) *Dwayne Almond v. State of Wisconsin, et al.*, Case No. 06-C-0447-C (W.D. Wis.); (2) *Dwayne Almond v. State of Wisconsin, et al.*, Case No. 06-C-0448-C (W.D. Wis.); and (3) *Dwayne Almond v. State of Wisconsin, et al.*, Case No. 06-C-0449-C (W.D. Wis.). On the title page of the instant complaint, however, Mr. Almond states that he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under § 1915(g) when a prisoner alleges only a past injury that has not recurred. *See Ciarpaglini*, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are "conclusory or ridiculous." *Id.* (citing *Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years

previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). Courts do not use § 1915(g) to determine the merits of a claim, however, because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." *Ciarpaglini*, 352 F.3d at 331.

Mr. Almond argues that he is in imminent danger of serious physical injury because on February 7, 2012, Dr. Sumnicht diagnosed him with a small external hemorrhoid, which since has gone untreated. Mr. Almond also refers to stomach ailments, arguing that the defendants failed to provide him with a bottom bunk bed. He further alleges that Judge Barbara B. Crabb, who previously dismissed *Almond v. Pollard*, Case No. 12-CV-259-BBC (W.D. Wis.) and *Almond v. Pollard*, Case No. 14-CV-5-BBC (W.D. Wis.), is prejudiced and biased.

In Case No. 12-CV-259, Judge Crabb granted the defendants' motion to revoke Mr. Almond's *in forma pauperis* status after determining that Mr. Almond was not in imminent danger of serious physical injury. *See Almond v. Pollard*, 2013 WL 4591849, at *3 (W.D. Wis. Aug. 28, 2013); *see also Taylor v. Watkins*, 623 F.3d 483, 485-86 (7th Cir. 2010) ("If a defendant contests a plaintiff's imminent danger allegations, . . . the court must determine the allegations' credibility, either by relying

on affidavits or depositions or by holding a hearing."). Judge Crabb also imposed a sanction on Mr. Almond:

> This case is just the latest in a line of cases in this court and the Eastern District of Wisconsin having to do with plaintiff's perceived ongoing back and abdominal problems. *Almond v. Lutsey*, 11–cv–333–bbc (W.D. Wis. Dec. 15, 2011) (case dismissed for plaintiff's failure to exhaust administrative remedies); *Almond v. Pollard*, 09-cv-335-bbc (W.D. Wis. Mar. 1, 2011) (granting summary judgment to defendants on claims regarding back ailments); *Almond v. Pollard*, 08-cv-546 (E.D. Wis. Mar. 26, 2009) (granting summary judgment to defendants on claims regarding back ailments); *Almond v. Lesatz*, 06-cv-446-bbc (W.D. Wis. Oct. 29, 2006) (case dismissed for plaintiff's failure to exhaust administrative remedies). Plaintiff has not been successful in any of these cases. In addition to the numerous exams plaintiff has received at the prison, the medical records provided by the parties in these cases show that plaintiff has been seen off-site for xrays at least twice and for the colonoscopy discussed above, and no medical problems with plaintiff's back or bowels have been found. Yet he continues to initiate "imminent danger" litigation that does not reveal any constitutional violations by prison staff.
>
> As a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words "imminent danger" rather than conditions truly passing muster under § 1915(g), the court will bar plaintiff from proceeding *in forma pauperis* on future "imminent danger" claims relating to his perceived back and abdomen ailments unless plaintiff's complaint is accompanied by records showing that plaintiff has been diagnosed with new ailments and is failing to receive treatment for them. Future "imminent danger" lawsuits filed by plaintiff regarding back and abdomen problems that do not include such documentation will be deemed automatically dismissed after 30 days unless the court orders otherwise. *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

*Almond v. Pollard*, No. 12-CV-259-BBC, 2013 WL 4591849, at 32 -*4 (W.D. Wis. Aug. 28, 2013); *reconsideration denied*, No. 12-CV-259-BBC, 2013 WL 5745664 (W.D. Wis. Oct. 23, 2013).

In Case No. 14-CV-5 (W.D. Wis.), Mr. Almond had raised the same claim that he is raising in this case–that is, that the defendants failed to treat the small bleeding hemorrhoid that Dr. Sumnicht had diagnosed on February 17, 2012. After providing Mr. Almond with an opportunity to file an amended complaint more fully describing the seriousness of his medical condition, Judge Crabb determined that he did not fall under § 1915(g)'s imminent danger exception, and she dismissed the case for failure to state a claim. *Almond v. Pollard*, Case No. 14-CV-5-BBC, ECF No. 13, at 2-3 (W.D. Wis. April 22, 2014).

In this case, Mr. Almond names five additional defendants–Wisconsin Assistant Attorneys General John J. Glinski and Rebecca Ann Paulson; Dr. Manlove, described as "John Doe of WCI"; Charles Cole; and Registered Nurse Donna Larson)–whom he did not sue in Case No. 14-CV-5. He does not name Jim Greer, who he named in the prior case. Other than these differences, his allegations in the instant complaint are similar to those in the previous case. This court agrees with Judge Crabb's determination that Mr. Almond's allegations do not pass muster under either the imminent danger standard or the Eighth Amendment "deliberate indifference to a serious medical need" standard. Moreover, "[a] complaint that seeks to relitigate previously dismissed claims is frivolous within the meaning of § 1915(d)." *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Philips v. Carey*, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). Mr. Almond has a

5

ruling on his issue from Judge Crabb; he seeks to have this court re-litigate that claim, and under the law, such an effort is frivolous. *Horton v. Thomas*, 1996 WL 68013 (N.D. Ill.).

## ORDER

The court **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 4) is **DENIED**.

The court further **ORDERS** that this action is **DISMISSED** for failure to state a claim and as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The court further **ORDERS** that the Clerk of Court document on the record that Mr. Almond has brought an action which the court dismissed for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The court further **ORDERS** that the Clerk of Court document on the record that Mr. Almond has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $400 filing fee, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The court **ORDERS** the Secretary to clearly identify these payments by the case name and number assigned to this action.

The court further **ORDERS** that the Clerk of Court enter judgment accordingly.

The court will send a copy of this order to the warden of the institution where the inmate is confined. The court also will send a copy of this order to United States District Judge Barbara B. Crabb.

Dated at Milwaukee, Wisconsin this 26th day of January, 2015.

BY THE COURT:

_____
PAMELA PEPPER
United States District Judge

cc: Hon. Barbara B. Crabb
Warden, Waupun Correctional Institution
Plaintiff Almond, Waupun Correctional Institution